**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

HENRY OMOZEE,                   *

                                     *

Plaintiff,                         *

                                       *

       v.                            *

                                     *     **Civ. No. MJM-24-585**

ANEHRU HAMADU, *et al.*,          *

                                       *

 Defendants.                    *

                                       *

                     * * * * * * * * * *

**MEMORANDUM OPINION**

Self-represented plaintiff Henry Omozee ("Plaintiff") initiated this action alleging violations of Internal Revenue Code ("IRC") § 501(C)(3) and the creation of an unenforceable contract by Anehru Hamadu, Henry Igbinsosun, and Joshua Moses (collectively, "Defendants"). ECF No. 1. Defendant Hamadu, also proceeding pro se, filed a motion to dismiss the Complaint based on Plaintiff's failure to state a claim and naming of improper parties, as well as this Court's lack of subject matter jurisdiction. ECF No. 18. Plaintiff filed a response in opposition of the motion. ECF No. 21. Plaintiff has also filed a motion for entry of default as to all Defendants. ECF No. 20. No hearing is necessary to resolve the motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Hamadu's motion shall be granted, Plaintiff's motion shall be denied, and this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

## I.    FACTUAL BACKGROUND[1]

The Edo Association of Washington DC Metropolis (the "Association" or "EAWDC") is a non-profit organization comprised of Edo people who reside in or around the Washington, D.C.

---

[1] The facts outlined in this part are drawn from allegations in Plaintiff's Complaint.

1

metropolitan area. Plaintiff and Defendants were all active members of the Association at the time the Complaint was filed. ECF No. 1 at 3. In May 2004, the Association received a letter from the IRS stating that it was exempt from federal income taxes pursuant to IRC § 501(C)(3), which required the Association to amend its constitution to comport with the specific requirements of the code, specifically that the Association be organized exclusively for charitable, religious, educational, or scientific purposes. *Id.*

In March 2023, several Association members initiated discussions related to the creation of a bereavement self-insurance program known as the EAWDC Members Fund (the "Members Fund" or "EAWDCMF"). *Id.* Igbinosun was the president of the Association at the time and appointed five members to a committee to explore the idea. *Id.* at 4. Around June 2023, the committee reported its findings to the Association. The report recommended an annual premium of $200 from participating members and a $10,000 payout to a third-party beneficiary if the member dies. *Id.* At the same meeting, the Association voted to implement the Members Fund. *Id.* Plaintiff opposed the Members Fund due to concerns that it could jeopardize the Association's tax status. *Id.* Plaintiff believes that because the Members Fund is bereavement self-insurance, designed primarily for the members' benefit, it violates IRC §501(C)(3).

On September 9, 2023, the committee published and sent to all members the "Edo Association of Washington, DC Metropolis Members Fund Guidelines" (the "Guidelines") *Id.* These Guidelines were adopted by the members present at an Association meeting in August 2023. They specify terms of a contract between the Association and each of its members, including an indemnity clause, eligibility requirements, provisions for benefit forfeiture and third-party beneficiaries, etc. *Id.* at 5. The contract provides that the participating members will pay a $200 annual premium and that the Association will pay the member's beneficiary $10,000 from the

Members Fund when the member dies. *Id.* Plaintiff claims that Hamadu, Moses, Igbinosun, and "other members" entered into an "unenforceable common law contract" with the Association. *Id.* at 6.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. . . . Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations omitted). Federal Rule of Civil Procedure 12(h)(3) requires a federal court to dismiss a civil action if it determines it lacks the subject matter jurisdiction over it.

"In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Diversity of citizenship under § 1332(a) requires that the parties be "citizens of different States" and must be complete "between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)).

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Less commonly, "in a 'slim category of cases,' a claim that has its genesis in state law may be deemed to arise under federal law if 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Bloosurf, LLC v. U. of Maryland E. Shore*, Civ. No. RDB-22-3254, 2023 WL 4685626 *4 (D. Md. July 21, 2023) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269, at *2 (D. Md. Feb. 8, 2024).

### III.    ANALYSIS

The Court construes Hamadu's jurisdictional challenge as a facial challenge to this Court's subject matter jurisdiction. ECF No. 18 at 4–5. Plaintiff argues in opposition that the face of the Complaint establishes federal question jurisdiction of his claims. ECF No. 21 at 9–10.

Plaintiff fails to establish this Court's subject matter jurisdiction to hear his claims. Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" within a pleading that states the plaintiff's grounds for relief. Fed. R. Civ. P. 8(a). Without first establishing a jurisdictional basis to hear a claim, a federal court will not consider the claim on its merits. *Miller v.* Brown, 462 F.3d 312, 316 (4th Cir. 2006).

On page one of his complaint, under the header "Jurisdiction," Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and that federal question jurisdiction arises pursuant to 42 U.S.C. § 1983. ECF No. 1 at 1.  But the claims set forth in the Complaint have no connection to § 1983. A plaintiff may file suit for damages under § 1983 against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also Filarsky v. Delia*, 566 U.S. 377 (2012). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823

5

(2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)).

Here, the Complaint does not include any facts to suggest that any named defendant acted "under color of state law" or violated any right of Plaintiff secured by federal law. Instead, Plaintiff alleges that the creation of a membership bereavement fund by certain members of his charitable organization will result in the loss of the organization's tax-exempt status. He further claims that the contract Association members entered to establish this fund is void and illegal. Curiously, the relief Plaintiff requests is that this Court compel the IRS, an executive agency, to liquidate the assets of the Association and revoke the Association's tax-exempt status—the very injury he seemingly sought to avoid before filing suit.

Plaintiff argues in his opposition to Hamada's motion that federal question jurisdiction is established by his claim that the Members Fund violates IRC § 501(c)(3). This statute provides an exemption from tax on certain organizations, 26 U.S.C. § 501(c)(3), but it does not confer a private right of action on private citizens, *see, e.g.*, *Harrison v. Christus St. Patrick Hosp.*, 430 F. Supp. 2d 591, 595 (W.D. La. 2006); *Sabeta v. Baptist Hosp. of Miami, Inc.*, 410 F. Supp. 2d 1224, 1232 (S.D. Fla. 2005).

In sum, Plaintiff fails to identify any federal law that creates any cause of action asserted in the Complaint and fails to state any plausible claim for relief that necessarily depends on

6

resolution of a substantial question of federal law. Accordingly, this Court finds that it lacks subject

matter jurisdiction of the Complaint, and, therefore, the Complaint must be dismissed.[2]

## IV.    CONCLUSION

For the stated reasons, Defendant's Motion to Dismiss will be GRANTED, and this case

dismissed without prejudice.

A separate Order will follow.


 3/30/26                                                          /S/
Date                                             Matthew J. Maddox
                                                 United States District Judge

---

[2] Plaintiff argues that Hamadu's motion is untimely, ECF No. 21 at 1, and has moved for entry of default as to all defendants, including Hamadu, ECF No. 20. Even if Hamadu's motion was not timely filed, the Court cannot sustain an action over which it lacks subject matter jurisdiction, and it cannot enter default in an action over which it lacks subject matter jurisdiction. Accordingly, Plaintiff's motion for entry of default must be denied.